IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:13-CV-00209-FDW-DSC

ROBIN CARON,

      Plaintiff,

v.

MICROSOFT CORPORATION,
KALYAN BASU & MATTHEW JUSTICE,

      Defendants.

FILED
CHARLOTTE, NC
NOV 19 2013
US District Court
Western District of NC

## CONSENT PROTECTIVE ORDER

Pursuant to Rules 26(c)(1)(A) & (D) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Honorable Frank D. Whitney's Standing Protective Order, see Civil Action No. 3:07-MC-47 (Dkt. Entry 3), and upon stipulation of the parties, as evidenced by the signatures below, and with the concurrence of the Court:

1. Whereas Plaintiff Robin Caron, proceeding *pro se*, is a former employee of Microsoft, and has filed two lawsuits arising out of his employment with Microsoft in which he alleges claims for age discrimination, retaliation and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and a state-law claim for failure to protect his employment rights, workplace harassment, wrongful termination, retaliation and defamation of character. *See* Civil Action No. 3:13-cv-209 and Civil Action No. 3:13-cv-272.

2. Whereas upon Defendants' Motion, this Court consolidated both civil actions on July 2, 2013. *See* Dkt. Entry 19.

_____
Robin Caron

3. Whereas, on October 30, 2013, Plaintiff notified Defendants that he intended to subpoena documents and/or deposition testimony from a number of third-party witnesses, including former Microsoft employee and eight year manager of Plaintiff at Microsoft, Paul Schottland.

4. Whereas, on November 4, 2013, Plaintiff sent a copy of the Notice of Deposition to Defendants counsel scheduling the deposition of Paul Schottland for November 21, 2013. *See also* Plaintiff's letter to Defendants' counsel dated November 12, 2013 explaining the information sought from Plaintiff's former manager Paul Schottland attached hereto as Exhibit A.

5. Whereas, on November 14, 2013, pursuant to Defendants' request, Plaintiff provided to Defendants a copy of the subpoena issued to Paul Schottland. *See also* electronic mail correspondence from Defendants' counsel sent to Plaintiff dated November 14, 2013 at 8:57 p.m. attached hereto as Exhibit B.

6. Whereas, Defendants contend that the reasons for Paul Schottland's departure from Microsoft as well as the circumstances under which his employment with Microsoft ended are confidential and proprietary and not in dispute in this action.

7. Whereas, Plaintiff has agreed to not ask for any information from Paul Schottland that he is not entitled to and shall not ask any questions regarding Paul Schottland's departure from Microsoft Corporation during his oral deposition, and

8. Whereas the Court concurs that the parties in this action have an important interest in protecting the confidentiality of that information given its sensitive and proprietary nature and seek this protective order to keep all information obtained in discovery herein to be held within the strict confidential parameters of this claim.

_____
Robin Caron

It is hereby **ORDERED, ADJUDGED** and **DECREED** that:

1. Plaintiff shall not ask Paul Schottland for any information Plaintiff is not entitled to.

2. Plaintiff shall not ask Paul Schottland any questions regarding his departure from Microsoft Corporation during his oral deposition.

3. Should deponent, Paul Schottland, disclose information regarding the circumstances of his departure from Microsoft Corporation during the course of answering other questions posed by Plaintiff during his deposition, document production or sworn statements herein and such information is relevant to Plaintiff's claims herein, then the disclosed information shall be deemed "discoverable" and protected from disclosure outside this lawsuit.

4. The Court's Standing Protective Order, *see* Civil Action No. 3:07-MC-47 (Dkt. Entry 3), shall remain in full force and effect.

5. This Consent Protective Order in its entirety shall be invalid unless it is inscribed with Plaintiff's signature on the bottom of each page submitted to this Court for entry and contains attachments A & B respectively.

6. Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or non-disclosure of documents, testimony or other discovery material, or additional relief from other witnesses.

Entered this 19th day of November 2013.

_____
Judge
U. S. Magistrate Judge

_____
Robin Caron

We ask for this:

/s/ Meredith A. Pinson
Bruce M. Steen (NC Bar No. 30222)
bsteen@mcguirewoods.com
Meredith A. Pinson (NC Bar No. 39990)
mpinson@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
704.353.6244
704.353.6200 (Facsimile)

Attorneys for Defendants

Robin Caron, Plaintiff *pro se*
3500 Fielding Avenue
Charlotte, North Carolina 28211

Robin Caron